RAMÍREZ, PLAINTIFF AND APPELLANT, *v.* MARTÍNEZ, DEFENDANT AND RESPONDENT.

APPEAL from the District Court of Mayagüez in an Action for Damages.

No. 1066.—Decided June 22, 1914.

CONTRADICTORY EVIDENCE—FINDINGS OF TRIAL COURT.—When the evidence is contradictory as to the manner in which an accident occurred, the weight given thereto by the trial court should be accepted unless it is shown that the said court was influenced by passion, prejudice or partiality, or committed some manifest error.

The facts are stated in the opinion.

*Mr. Luis Montalvo Guenard* for the appellant.

*Mr. José de Diego* for the respondent.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an action for damages. Summarizing, the complaint alleges that the plaintiff rented and lived in a room on the top floor of a house belonging to the defendant; that in order to reach the courtyard the plaintiff had to descend a stairway which the owner knew was in a very bad condition; that on June 11, 1911, the plaintiff started to go down the said stairway and on stepping upon the first step it broke and the plaintiff fell to the ground, a distance of about three meters; that as a consequence she was severely bruised and suffered physical pain, being unable to engage in productive labor and compelled to keep to her bed. The plaintiff laid the damages suffered by her at $2,000.

In his answer the defendant alleged that plaintiff's action had prescribed and denied the essential allegations of the complaint which might prejudice his rights, alleging as new matter of defense that on April 5, 1911, the plaintiff was engaged in a heated dispute about some poultry and, irritated

by the altercation, attempted to hurry down the stairway in question, which was wet on account of the rain, and slipped and fell. That the said stairway had been repaired and was in good condition at the time of the accident.

The trial was held on April 28, 1913, and on May 15, 1913, the District Court of Mayagüez rendered judgment in favor of the defendant with costs, disbursements and attorney's fees against the plaintiff. From that judgment the plaintiff took the present appeal.

In its statement of the case and opinion the trial court analyzed the evidence introduced by both sides and concluded by saying:

"The court has considered and compared the conflicting testimony of the witnesses for both parties on this point, namely, the cause of the plaintiff's fall, and has reached the conclusion that it did not occur in the manner testified to by the plaintiff and her witnesses, but in the manner described by the witnesses for the defendant, Nicolás Guardiola and María Irizarry, who testified that the plaintiff slipped as she rushed down the stairs, which were wet because it had rained that day, and fell to the courtyard, a distance of two or three *varas*."

The only question of law raised by the plaintiff in her brief is that the judgment rendered is contrary to the evidence introduced and is based on arbitrary conclusions, the court having been influenced by passion, malice, and prejudice against the plaintiff.

We have considered carefully the allegations and the evidence and the latter is entirely contradictory. Having analyzed the evidence, we find nothing to show that the trial court was actuated by passion, prejudice, or partiality in weighing the same. The account of the accident given by the evidence of the defendant and accepted by the court seems to us to be much more logical than the version given by the plaintiff's evidence.

The appeal must be dismissed and the judgment appealed from affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.

A petition for an appeal to the Supreme Court of the United States having been presented, it was denied on July 21, 1914.